In re Henry S. BRANK and Mary E. Brank, Debtors.

PROFESSIONAL HEALTH SERVICES, INC., Plaintiff,

v.

Henry S. BRANK and Mary E. Brank, Debtors, and Wayne Sigmon, Trustee, Defendants.

Wayne SIGMON, Trustee, Third-Party Plaintiff,

v.

Joseph L. BARRIER, Nick E. Grivas, M.D., DeHaven Pathology, Carolina Radiology, and Charlotte Rehabilitation Hospital, Third-Party Defendants.

No. C–C–86–330–P.

United States District Court, W.D. North Carolina, Charlotte Division.

Dec. 23, 1986.

Tate K. Sterrett, Charlotte, N.C., for plaintiff.

R. Keith Johnson, Charlotte, N.C., Wayne Sigmon, Gastonia, N.C., Joseph L. Barrier, Richard M. Mitchell, Mitchell & Rallings, Charlotte, N.C., for defendants.

ORDER

ROBERT D. POTTER, Chief Judge.

This appeal follows the Bankruptcy Court's Order of May 19, 1986 which allowed the Trustee to set aside and recover against the Appellant Joseph L. Barrier a payment made to him in the sum of $12,-224.30. The money was for a contingent fee and other legal charges paid to Appellant from the proceeds of a personal injury action which was settled just a few days after the Debtors filed their bankruptcy petition January 16, 1985.

The Court heard arguments of counsel on this matter on December 16, 1986 in Charlotte, North Carolina. For the reasons

set forth below, the Court is of the opinion that the Bankruptcy Court erred in its interpretation of the State exemption statute, and therefore, that Order should be reversed and the Trustee should not be allowed to recover from the Appellant the payment of $12,224.30 disbursed to him for his contingent fee and legal expenses.

On August 9, 1984, the Debtor was injured in an automobile accident. He retained the Appellant as his attorney on a contingent fee basis to help him recover compensation for personal injury. On December 17, 1984 the Debtors instituted a civil action through Appellant for personal injury damages in Mecklenburg County. On January 16, 1985, Debtors filed a voluntary petition under Chapter 7; they consulted and retained an attorney other than the Appellant for this action. In Schedule B–2 of the Debtors' schedules filed with their petition, the Debtors indicated as a contingent and unliquidated claim, the "personal injury lawsuit of [the Debtors] ... to be handled by Mr. Joe Barrier [Appellant]." In Schedule B–4, the Debtors indicated the following property as exempt: "Proceeds resulting from personal injury lawsuit being handled by Mr. Joe Barrier, Attorney at Law. N.C.G.S. 1C–1601(a)(8). Claim is liquidated, and the amount of compensation is unknown." On January 25, 1985, the Debtors' personal injury claim was settled for $40,000.00. From this, $12,224.30 was paid to the Appellant for his contingent fee and legal expenses. The Appellant was unaware that the Debtors had filed bankruptcy at the time that the personal injury claim was settled.

After the settlement, the Trustee filed an Objection to the Debtors' exemption election. The Trustee asserted that the Appellant and certain health care providers should turn over to the estate those portions of the personal injury settlement proceeds attributable to claims for legal, medical, hospital, and health care expenses related to the personal injury of the Debtor.

In its Order of May 19, 1986, the Bankruptcy Court held for the Appellee Trustee that those portions of the personal injury recovery attributable to claims "for funeral, legal, medical, dental, hospital, and health care charges related to the accident or injury" could not be claimed by the Debtors as exempt under N.C.Gen.Stat. § 1C–1601(a)(8), but that such property constituted general assets subject to claims of all creditors in the estate. The Court further held that the payment to the Appellant for his services was voidable under the Code and that it could be recovered by the Trustee for the benefit of all creditors.

N.C.Gen.Stat. § 1C–1601(a)(8) favors those creditors who have claims specifically related to the Debtors' personal injury, such as attorney's fees. North Carolina has opted out of the federal exemptions and limits its residents to the exemptions under State law. N.C.Gen.Stat. § 1C–1601(f). In this case the Court is asked to construe § 1C–1601(a)(8) which defines the scope of the exemption from personal injury compensation. That statute provides:

(a) Exempt property.—Each individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of his creditors:

(8) compensation for personal injury ... but such compensation is not exempt from claims for funeral, legal, medical, dental, hospital, and health care charges related to the accident or injury giving rise to the compensation.

The question presented therefore is whether this exemption statute entitles the Appellant to his contingent attorney's fee for the settlement of the Debtors' personal injury action without being displaced or invalidated by the intervening bankruptcy of his clients, the Debtors.

Interpreting a statute requires that the Court look at the language of the statute itself and that language must ordinarily be regarded as conclusive. *Consumer Product Safety Commission v. G.T.E. Sylvania, Inc.*, 447 U.S. 102, 100 S.Ct. 2051, 64 L.Ed.2d 766 (1980).

Under § 1C–1601(a)(8), a debtor's "compensation for personal injury" is exemptable from the "enforcement of the claims of his creditors." No dollar limitation is im-

posed. But, "such compensation is not exempt from the *claims for* ... charges related to the accident ... giving rise to the compensation," such as lawyer's fees and hospital or doctors' bills. (Emphasis added).

It is not in dispute that Section 1C–1601(a)(8) was intended to afford protection to those debtors who receive personal injury compensation and to those creditors who have certain kinds of claims for services rendered specifically related to the personal injury.

Although a general creditor is prevented from reaching any part of personal injury compensation which the debtor claims is exempt, a creditor having one of the enumerated claims is entitled to reach that portion of the compensation attributable to his services related to the injury.

■ This statute has apparently not received much judicial construction at all, but it appears that the policy behind the exception to the exemption is to protect those persons who helped the debtor receive personal injury compensation in the first place or rendered services for the personal injury. It does not appear, in the opinion of this Court, that the General Assembly intended to allow general creditors to share in any part of the debtors' compensation for personal injury.

The Court has carefully considered the Appellee's arguments, but is not persuaded. Appellee's reliance on *In Re Esther Williams Howell,* C–C–85–273–M (June 26, 1985) is likewise unpersuasive because this Court simply disagrees with the holding in that case and will not follow its construction of the exemption statute.

The Court also disagrees with the Appellee's reliance on *In Re Howell,* 51 B.R. 1015 (M.D.N.C.1985). The Appellee cites that case for the proposition that any interpretation of the North Carolina exemption statute must be consistent with the Bankruptcy Code. Appellee argues that pursuant to § 541(a) of the Code, all non-exempt property of the Debtor belongs to the estate. Since the State exemption statute does not designate these injury related debts as nondischargeable, then they must revert to the estate to be consistent with the Code.

Well, the Code also states that states may "opt out" from federal exemptions and claim exemptions under state law. If the State opts out, as is the case here, courts must accept the entire state exemption statute in order to remain consistent with the Code. It appears that the Appellee does not want to be held by the exception to the exemption statute. Appellee admits that if there were no claimants to Debtors' $40,000 personal injury compensation, then the Debtor would hold that amount free and clear from the estate claims.

■ In conclusion, the Court is of the opinion that the North Carolina exemption statute should be read to permit removal from the estate those amounts which represent compensation for personal injuries. Not all personal injury compensation is exempt; such compensation is not exempt from "claims for" funeral, legal, medical, dental, hospital, and health care charges related to the injury giving rise to the compensation.

Persons' who have *claims for* legal or medical charges are able to reach the personal injury compensation to the extent their legal or medical charges relate to the injury giving rise to the compensation. The gross amount of the personal‧ injury compensation subject to claims for legal or medical charges is not subject to claims for all debts by all creditors. That is not what the statute says. The statute does not allow the trustee to retain in the estate the gross amount of personal injury compensation subject to claims for legal or medical charges, and then distribute that amount on ·a prorated basis to all creditors, regardless of whether they have claims for legal or medical charges.

Consequently, the Bankruptcy Court's Order should be reversed.

IT IS SO ORDERED.