826 F.2d 1060
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Wayne SIGMON, Trustee, Plaintiff-Appellant,
Professional Health Services, Inc., Plaintiff,
Henry S. BRANK; Mary E. Brank, Debtors, Defendant,
Joseph L. BARRIER, Third Party Defendant-Appellee,
Nick E. Grivas, M.D., Dehaven Pathology, Carolina Radiology,
Charlotte Rehabilitation Hospital, Third Party Defendant.
 No. 87-1031.
 United States Court of Appeals, Fourth Circuit.
 Argued June 2, 1987.
Decided Aug. 7, 1987.
 
 Appeal from the United States District Court for the Western District ot North Carolina, at Charlotte. Robert D. Potter, Chief District Judge. (C/A 86-330-C-C-P)
 P. Wayne Sigmon for appellant.
 Richard M. Mitchell (Mitchell & Rallings, on brief), for appellee.
 W.D.N.C., 67 B.R. 1005
 AFFIRMED.
 Before CHAPMAN, Circuit Judge, BRITT, Chief United States District Judqe for the Eastern District of North Carolina, sitting by designation, and MacKENZIE, Senior United States District Judge for the Eastern District of Virginia, sitting by designation.
 PER CURIAM: .
 
 
 1
 Henry S. Brank (Brank) was injured in an automobile accident on 9 August 1984. He retained Joseph L. Barrier (Barrier), an attorney in Charlotte, North Carolina, to represent him on a contingent fee basis, and Barrier filed suit on 17 December 1984. On 16 January 1985 Brank and his wife (Debtors) filed a voluntary petition in bankruptcy. In schedule B-2 of their petition they listed as a contingent and unliquidated claim a "Personal Injury Lawsuit ... due to injuries suffered by Mr. Brank in an automobile accident .... The debtors claimed the followinq as exempt property on the appropriate schedule of their petition: " [p] roceeds resulting tram personal injury lawsuit being handled by Mr. Joe Barrier, Attorney at Law. N.C.G.S. 1C-1601 (a) (8) . Claim is unliquidated, and the amount of compensation is unknown."
 
 
 2
 On 25 January 1985 Barrier settled the lawsuit for $40,000 of which he retained $12,224.30 as his fee and expenses. Barrier was still not aware of the bankruptcy proceeding. Thereafter, Wayne Sigmon (Sigmon), the trustee in bankruptcy, objected to the exemption election and an adversary proceeding was commenced. Sigmon asserted that Barrier should turn over to the bankruptcy estate the portion of the settlement he had received as fees and expenses. By order filed 19 May 1986 the bankruptcy court adopted the position of the trustee and ordered Barrier to remit to the bankruptcy estate the sum of $12,224.30. The district court reversed and we affirm.
 
 
 3
 When a petition in bankruptcy is filed, a bankruptcy estate is created, consisting of those items or property listed in 11 U.S.C.A. Sec. 541 (West 1979 & Supp. 1987). However, section 522 permits the debtors to exempt certain property, either that listed in the section or, if the state has chosen to "opt out" '[1] those exceptions listed under state law. 11 U.S.C.A. Sec. 522 (West 1979 & Supp. 1987).
 
 
 4
 Since North Carolina has opted out of the federal exemption scheme,[2] the debtors here claim their exemptions under North Carolina law. The North Carolina statute under which they claim their exemption is N.C. Gen. Stat. S 1C-1601(8) which provides
 
 
 5
 (a (a) Exempt property--each individual, resident of this State, who is a debtor is entitled to retain free of the enforcement of the claims of his creditors:
 
 
 6
 ....
 
 
 7
 (8) Compensation for personal injury ----but such compensation is not exempt tram claims for funeral, legal, medical, dental, hospital, and health care charges related to the accident or injury giving rise to the compensation.
 
 
 8
 The bankruptcy court held that the above statute "... permits removal from the bankrutcy estate of those amounts which represent compensation tor personal injuries to the extent that these are free from claims for funeral, legal, medical, dental, hospital, and health care charges related to the accident." (emphasis by the bankrupty court) Judge Potter disagreed, holding that the "... North Carolina exemption statute should be read to permit removal from the estate those amounts which represent compensation for personal injuries."
 
 
 9
 Appellant contends that the interpretation of. the North Carolina statute by the district court is in conflict with the exemption provisions of the Bankruptcy Code and, thus, in error. Appellant cites Cheeseman v. Nachman, 656 F.2d 60 (4th Cir. 1981), in support of his argument. In that case the court held that the interpretation placed on the Virginia homestead exemption statute by the bankruptcy court was unduly restrictive and that a wife, who contributed to the maintenance of the household and who filed a joint voluntary petition in bankruptcy with her husband, was entitled to a homestead exemption just the same as her husband. In doing so the court held that the interpretation of the state law must not conflict with the exemption provision of the Bankruptcy Act, and particularly section 522 (m).[3]
 
 
 10
 The interpretation of a statute requires that the court look to the language of the statute and, it it is not ambiguous, give the statute its ordinary meaning. Consumer Products Safety Commission v. GTE Sylvania, Inc., 447 U.S. 102 (1980). The North Carolina statute clearly provides that each debtor in the state "... is entitled to retain tree of the enforcement of the claims of his creditors ... [c]ompensation for personal injury ...." (emphasis added). N.C. Gen. Stat. Sec. IC-1601(a). Thus, the statute provides as permitted by the bankruptcy Act that such compensation is free from the claims of the general creditors. However, the statute goes on to provide that from such compensation those who assisted in obtaining that compensation (lawyers) and those who provided care to the debtor for his injuries (medical, dental, hospital, and health care) or in the case of death buried him (funeral) are entitled to be paid. The intention of the legislature to encourage those providing such services is obvious.
 
 
 11
 This interpretation is not inconsistent with the Bankruptcy Act as the only thing excepted is the "compensation" provided for in the North Carolina statute. Appellant's interpretation of the statute would mandate the incongruous result that a debtor who settled a personal injury claim without the services of a lawyer would get it all; whereas, one who hired an attorney, as debtor did here, would only get his net recovery with the lawyer's share going to the bankruptcy estate where the lawyer would be treated as a general creditor.
 
 
 12
 We are persuaded that rather than being inconsistent with the Bankruptcy Code this interpretation promotes the policy of the bankruptcy statute of favoring a fresh start for debtors.
 
 The judgment of the district court is
 
 13
 AFFIRMED.
 
 
 
 [1]
 Section 522(b) authorizes the states to "opt out" of the federal exemptions, thus limiting the debtor to exemptions available under state law,
 
 
 [2]
 N.C. Gen. Stat. Sec. IC-1601(f)
 
 
 [3]
 That section provides "... this section shall apply separately with respect to each debtor in a joint case." (emphasis added)