**In re Cynthia THOMPSON, Debtor.**

**No. 04–50229.**

United States Bankruptcy Court,
M.D. North Carolina,
Winston–Salem Division.

Aug. 18, 2004.

Bryan Gates, Winston–Salem, NC, for Debtor.

Edwin H. Ferguson, Jr., Concord, NC, Chapter 7 Trustee.

## ORDER

CATHARINE R. CARRUTHERS, Bankruptcy Judge.

This contested matter came on before the Court for consideration upon the Trustee's Objection to the Debtor's Claim for Property Exemptions. Appearing before the court was Edwin H. Ferguson, Jr., Chapter 7 Trustee, and Bryan Gates, attorney for the Debtor. After considering the Trustee's objection, the Court makes the following findings of fact and conclusions of law:

On January 29, 2004, the Debtor, Cynthia Thompson, filed a petition for relief under Chapter 7 of the United States Bankruptcy Code. On local form 91C, the Debtor claimed proceeds from a personal injury settlement in the amount of $47,435.33 as exempt. The Debtor had been in an automobile accident in October 2001 when Flint Junior Hickman struck her vehicle with a vehicle owned by his employer. The parties entered into a settlement agreement that provided for payment of $70,000.00 to compensate the Debtor for damages as a result of her personal injury, including medical expenses in the amount of $24,807.47 and lost wages in the amount of $274.72. The settlement proceeds were distributed as follows: $17,500.00 for the attorney fee, $25.35 for costs advanced by the attorney, $491.70 for chiropractic care, $4,547.62 to satisfy a medical lien, and $47,435.33 to the Debtor.

On March 19, 2004, the Trustee filed an objection to the Debtor's property exemptions. The Trustee contends that not all of the funds received by the Debtor pursuant to the personal injury settlement consti-

tute "compensation for personal injury" as required by N.C. Gen.Stat. § 1C–1601(a)(8). The Trustee contends that the Debtor is not entitled to exempt reimbursement for medical, dental, hospital, health care charges, and lost wages. Therefore, Trustee argues that the Debtor cannot exempt the funds that she received for medical bills ($24,807.47) and lost wages ($274.72) for a total of $25,082.19. The Trustee has proposed to reduce the amount that he believes is not exempt by the 25% percent fee that the Debtor paid to her personal injury attorney, leaving $18,811.64 in nonexempt funds.

■ North Carolina has opted out of the exemptions provided in 11 U.S.C. § 522(d) of the Bankruptcy Code; therefore, North Carolina law determines which exemptions are available to debtors in this state. Section 1C–1601(a)(8) provides that exempt property includes:

(8) Compensation for personal injury or compensation for the death of a person upon whom the debtor was dependent for support, but such compensation is not exempt from claims for funeral, legal, medical, dental, hospital, and health care charges related to the accident or injury giving rise to the compensation.

N.C. Gen.Stat. § 1C–1601(a)(8).

■ Unlike § 522(d)(11)(D), which exempts payments in compensation for personal bodily injury not including pain and suffering or compensation for actual pecuniary loss, North Carolina does not limit the personal injury exemption to "bodily" injury. *In re LoCurto*, 239 B.R. 314, 317–18 (Bankr.E.D.N.C.1999) (holding that exempt compensation for personal injury may include compensation for mental anguish). Rather, the North Carolina exemption statute provides for an exception for certain types of creditors. Section 1C–1601(a)(8) prevents a general creditor from reaching any part of personal injury compensation, but such compensation is not exempt from claims for services related to the personal injury: funeral, legal, medical, dental, hospital, and health care charges. *In re Brank*, 67 B.R. 1005 (W.D.N.C.1986). The policy behind the exception to the exemption is to protect those persons who helped the debtor receive personal injury compensation in the first place or rendered services for the personal injury. *Id.* at 1007. The statute does not allow a trustee to retain the gross amount of personal injury compensation for medical charges, and then distribute that amount to general creditors. *Id.* The fact that the statute includes an exception for the claims of medical and health care providers supports a reading that compensation for medical expenses is "compensation for personal injury" pursuant to § 1C–1601(a)(8). An exception would simply not be necessary if monies received for medical expenses were not exempt from general creditors.

■ In this case, the Debtor received $24,807.47 to compensate her for medical expenses related to her injury. This money is not exempt from "claims for funeral, legal, medical, dental, hospital, and health care charges related to the accident or injury giving rise to the compensation," however all such claims have already been paid, and the Trustee may not use these funds to pay general creditors. Therefore, the Trustee's objection to the Debtor's claim to exempt the funds she received as compensation for medical expenses related to her personal injury will be denied.

■■ The Trustee also seeks to recover that portion of the Debtor's personal injury settlement attributable to lost wages, less the 25% attorney fee. In this case, the Debtor recovered wages for four days of work missed because of her injury. In a personal injury action in North Car-

olina, an individual is entitled to recover the present worth of all damages naturally and proximately sustained in consequence of the injury, including lost wages. *King v. Britt,* 267 N.C. 594, 148 S.E.2d 594 (1966); *Mintz v. Atlantic Coast Line R. Co.,* 233 N.C. 607, 65 S.E.2d 120 (1951). These compensatory damages are "compensation for the personal injury" and, therefore, exempt pursuant to § 1C–1601(a)(8). The Trustee's objection to the Debtor's claim to exempt the funds she received as compensation for lost wages will be denied.

Based upon the foregoing, it is OR-DERED that the objection by the Chapter 7 Trustee to the Debtors' claim for property exemption is DENIED.