JUNG KEUN KIM v. DALE LEE HANSEN AND DONALD HERMAN HANSEN

No. 868SC1271

(Filed 18 August 1987)

**Damages § 17.5— lost earnings—refusal to instruct error**

That plaintiff was not employed when she was injured and had not been employed for wages since coming to this country did not eliminate the fact that the jury could have properly found from the evidence that, except for defendant's negligence, she would have obtained and held a financially remunerative schoolteaching job during some part of the four and a half years preceding the trial of the case, and the trial court therefore erred in refusing to charge the jury as to plaintiff's loss of earnings and earning capacity prior to trial.

APPEAL by plaintiff from *Llewellyn, Judge.* Judgment entered 11 July 1986 in Superior Court, WAYNE County. Heard in the Court of Appeals 9 April 1987.

Plaintiff sued for personal injuries allegedly sustained on 28 October 1981 when a truck owned by Donald Herman Hansen, operated by Dale Lee Hansen, crossed the center line of a two-lane highway in Wayne County and struck a car in which she was riding as a passenger. Before the trial began the case against Donald Herman Hansen, who was not properly served with process, was dismissed and defendant Dale Lee Hansen stipulated that he was negligent in causing the collision involved. The case was tried just on the damages issue, which the jury answered in the amount of $2,500. Plaintiff's motion to set the verdict aside and grant her a new trial was denied and judgment for plaintiff was entered on the verdict. Plaintiff's evidence presented during the trial tended to show the following pertinent to the appeal:

Before the collision plaintiff, a Korean native who had been in this country approximately a year and a half, was 30 years old, and in good health. For seven years before coming here she taught school in Korea and is qualified to teach in any elementary school where the Korean language is used. She came to Goldsboro with her husband Churl Keun Kim, a Presbyterian minister, and in addition to keeping house she assisted him in performing various pastoral duties, but was not employed in this country before the collision. The collision threw plaintiff's body about in the car;

her head shattered the windshield and her left shoulder and both hips and legs hit parts of the car and were bruised and sore. Immediately after the collision she was treated in the emergency room of Wayne Memorial Hospital and released. The next day she had pain in her head, knees, legs, back and shoulders and was treated by Goldsboro physician Dr. Ashton Griffin. The day after that she was dizzy and nauseated and was again treated by Dr. Griffin. Between then and 4 January 1982 she continued to have various aches and pains and was again seen by Dr. Griffin. On 4 January 1982 she was nervous and afraid to ride in a car, and Dr. Griffin suggested that she consider consulting a psychiatrist. During his treatment of plaintiff Dr. Griffin took a number of X-rays, none of which disclosed a bone injury, and he diagnosed her injuries as bruises and contusions about the knees. On 12 January 1982 plaintiff and her husband moved to New Jersey where she was treated by several different doctors, one of whom testified that she has a disabling injury of the lower back caused by the collision. Due to her severe back pain and headaches she was unable to work about the home as before and on one occasion she was hospitalized for two weeks. Her medical expenses amount to $7,427.35 altogether. In the New Jersey area where plaintiff and her husband have lived since 1982, many jobs teaching in Korean speaking elementary schools at an annual salary of $20,000 have been available to plaintiff but she did not seek to obtain any of them because she was physically unable to do the work.

Defendant's evidence consisted of the deposition of a medical expert, who testified in substance that in his opinion plaintiff's low back disability was not caused by the collision, because no symptoms or complaints concerning the back are recorded in the earlier medical records, and that the injuries caused by the collision were minor and of a temporary effect.

*Thomas E. Strickland for plaintiff appellant.*

*Dees, Smith, Powell, Jarrett, Dees & Jones, by William W. Smith and Tommy W. Jarrett, for defendant appellee Dale Lee Hansen.*

PHILLIPS, Judge.

Three of the assignments of error plaintiff brought forward in her brief are manifestly without merit and only need to be mentioned. One is that the trial judge erred in instructing the jury on proximate cause. The contention is not that the instruction given was legally incorrect, but that it was incorrect to charge on proximate cause at all since negligence was stipulated. But it is elemental law that a tort feasor is liable only for those damages which proximately flow from his tort, *King v. Britt*, 267 N.C. 594, 148 S.E. 2d 594 (1966), and it was not only proper, it was necessary for the court to charge thereon. The other two assignments relate to the court's denial of plaintiff's motions to set the verdict aside on the ground that the damages awarded were inadequate and that the verdict was contrary to the greater weight of the evidence. Both of these motions were addressed to the judge's sound discretion, *Worthington v. Bynum*, 305 N.C. 478, 290 S.E. 2d 599 (1982), and in denying them we see no indication that his discretion was abused.

But plaintiff's other assignment of error—that the court erred in refusing to charge the jury that plaintiff might have suffered an earnings or earnings capacity loss up to the time of trial —has merit. There was evidence that except for defendant's negligence plaintiff would have earned wages as a schoolteacher during the four years or so after the accident and preceding the trial that she and her husband lived in New Jersey. Her doctor there testified in substance that plaintiff had been disabled because of headaches and back pain since he first examined her in July 1982; and her husband testified that as a qualified, experienced elementary schoolteacher plaintiff could have readily obtained a teaching job at $20,000 a year in one of the many New Jersey schools in their area that required Korean language teachers, but did not do so because of her back pain and headaches. The transcript indicates that the trial judge refused to instruct the jury on this aspect of the evidence because plaintiff was not employed when the collision occurred and had not been employed since coming to this country. Yet on the same evidence the court properly instructed the jury that plaintiff's damages could include compensation for loss of earning capacity during the years that lay ahead. In doing so, however, the court accentuated its error in failing to charge as to the impairment of plaintiff's earning capacity in the

past by explicitly and pointedly limiting the jury's consideration of earning capacity and earnings losses to those that might occur in the future. "The element of loss of time is held properly to include only such loss as has accrued up to the time of trial; a subsequent loss of time is to be included in a recovery for decreased earning capacity." 25 C.J.S. *Damages* Sec. 38, p. 721 (1966). Both loss of time and loss of earning capacity are recoverable when established by evidence, since in cases like this the plaintiff, if entitled to recover at all, is entitled to recover all damages, past and prospective alike, that result from a defendant's negligence. *Dickson v. Queen City Coach Co.*, 233 N.C. 167, 173, 63 S.E. 2d 297, 302 (1951). That plaintiff was not employed when she was injured and had not been employed for wages since coming to this country does not eliminate the fact that the jury could have properly found from the evidence that except for defendant's negligence she would have obtained and held a financially remunerative schoolteaching job during some part of the four and a half years preceding the trial of the case. In *Johnson v. Lewis*, 251 N.C. 797, 112 S.E. 2d 512 (1960), our Supreme Court held that it was proper to instruct the jury both as to the plaintiff's lost time and earning power, even though there was no evidence that she had ever worked except as a housewife; in so doing the Court observed that the plaintiff was entitled to work if she wanted to, and whether she did or not if her capacity to work and earn money had been impaired, she had suffered a substantial loss for which compensation was due. Though the small amount of damages awarded indicates that the jury did not find that plaintiff was permanently injured and disabled because of the collision, the failure to charge as to her evidence of lost time was nevertheless prejudicial. The jury could have found that even though her injuries would not prevent her from working and earning money in the future they had prevented her from earning money in the past. Furthermore, the apparent conclusion that plaintiff was not permanently injured and would not suffer any earning capacity loss in the future could have been affected by the jury not being permitted to consider any such losses as might have occurred in the past. For after being told in effect that earning capacity losses in the past when the effects of the injury may have been more severe were not compensable, it would be very difficult, indeed, for any jury to conclude that compensation was due for more uncertain losses in the future.

New trial.

Judges COZORT and GREENE concur.