BEULAH MAE KING v. HILARY LAVERNE BRITT
AND
WOODROW WILSON KING v. HILARY LAVERNE BRITT.

(Filed 16 June, 1966.)

**1. Damages § 3—**

Damages for personal injury negligently inflicted should include reasonable satisfaction for actual physical and mental suffering, past, present and prospective, naturally resulting to plaintiff from the injury, but the award of prospective damages should be limited to the present cash value or present worth of such damages.

**2. Damages § 14—**

Allegation and proof tending to show that in the accident in suit plaintiff suffered a laceration of her forehead requiring six or eight stitches to suture, that the injury severed a nerve in her forehead causing permanent loss of mobility of her forehead and leaving a permanent scar, is sufficient basis for the award of damages for mental suffering, notwithstanding the absence of direct testimony that plaintiff suffered any mental pain or embarrassment or humiliation because of the injury, and in such instance it is prejudicial error for the court to fail to instruct the jury in regard to damages for such mental pain and suffering.

**3. Trial § 33—**

The trial court is under duty to charge the law on all substantial features in the case arising on the evidence, even in the absence of request for special instructions. G.S. 1-180.

MOORE, J., not sitting.

APPEAL by plaintiff Beulah Mae King from *Clark, S.J.,* January-February 1966 Civil Session of CUMBERLAND.

Civil action by plaintiff Beulah Mae King to recover damages for bodily injuries allegedly caused by the actionable negligence of Hilary Laverne Britt in the operation of his automobile. Beulah Mae King was riding as a guest passenger in an automobile operated by her husband.

Woodrow Wilson King, the husband of plaintiff Beulah Mae King, also instituted a separate action against defendant Hilary Laverne Britt to recover damages apparently for personal injuries and property damage allegedly caused by the actionable negligence of defendant Britt in the operation of his automobile which occasioned a collision between defendant's automobile and the automobile operated by Woodrow Wilson King.

The defendant Hilary Laverne Britt, who is an infant, defended the action by H. Dolph Berry, his duly appointed guardian *ad litem.*

Separate complaints were filed by each plaintiff and separate answers thereto by Hilary Laverne Britt appearing herein by his duly appointed guardian *ad litem.* The two cases were consolidated for trial.

After the jury had been selected, sworn and empaneled, and prior to a reading of the pleadings, the defendant represented by his guardian *ad litem,* through counsel, and in open court, admitted negligence and proximate cause in each of the consolidated cases, and expressly waived the presentation to the jury of the issues relating thereto and stipulated and agreed that the only issue to be considered by the jury in each of the consolidated cases was: "What amount, if any, is the plaintiff entitled to recover of the defendant?" In the case of the appellant Beulah Mae King, the jury answered the issue submitted in the amount of $1,000. The pleadings in the case of her husband Woodrow Wilson King are omitted from the record. The issue in his case and the jury's answer thereto are omitted from the record.

From a judgment on the issue in her case that Beulah Mae King shall recover from defendant the sum of $1,000, she appeals to the Supreme Court. In the case of Woodrow Wilson King against defendant, there was no appeal.

*Nance, Barrington, Collier & Singleton by Carl A. Barrington, Jr., for plaintiff appellant.*

*Anderson, Nimocks & Broadfoot by Henry L. Anderson for defendant appellee.*

PARKER, C.J.   Appellant alleges in her complaint her injuries in substance as follows: In the collision of the two automobiles she was thrown about the inside of the automobile in which she was riding and against the glass and metal portions thereof with such force that she received marked shock, a costochondral sprain to the right side of her back, a deep two-inch laceration of her forehead, an abrasion of the nose, and numerous abrasions and contusions over

a large portion of her body. She was taken by ambulance to the Cape Fear Valley Hospital, where there was painful suturing of the deep cut on her face; that she was totally disabled by reason of her injuries for a period of three weeks, thereby losing her usual salary; that she was forced to remain under the constant care of her physicians for approximately ten weeks; that she suffered many weeks of excruciating pain, which will continue to some extent in the future; and that she incurred considerable doctor and medical bills and expenses, and that this will continue in the future. Her injuries have left her with a disfiguring ragged and raised scar on her forehead with permanent damage to the right frontal nerve in her face, resulting from the deep laceration, and have left her with severe anxiety neuroses because of the embarrassment and humiliation suffered by her as a result of this large, plainly visible, severe, disfiguring scar on her face.

Appellant's evidence in respect to her injuries tends to show in substance the following facts: In the automobile collision caused by defendant's actionable negligence, she received painful bruises and abrasions and a severe laceration of approximately one and a half or two inches in length in her forehead over her right eye, which laceration severed the nerve in her forehead leading to the frontal portion of her head. Dr. Bundy, who was admitted to be a medical expert specializing in the field of general surgery, testified in respect to this laceration in substance as follows: This laceration over her right eye apparently severed the nerve which comes out of the skull at this level and goes up across the forehead. As a result of this laceration, plaintiff has a lack of feeling there, as well as inability to wrinkle her forehead. Six or eight stitches were required to suture this laceration. In his opinion, when a nerve is cut in two there is a lack of function in that nerve and there is no particular treatment for it. He believes that this lack of feeling in her forehead would not respond to any operative treatment, will cause some loss of mobility of facial expression, and, in his opinion, is a 95% permanent disability to her forehead. The permanent disabilty of her forehead due to this severed nerve would have nothing to do with her earning capacity or ability to work. Appellant's evidence further tends to show that as a result of her injuries she missed two weeks from work at $12 per week, suffered pain for several weeks, and incurred hospital, medical, and ambulance bills of $114, and that the scar on her forehead causes numbness but not pain, and is permanent.

Appellant's assignments of error relate solely to the judge's charge to the jury. The judge in his charge, after stating in substance that there is some evidence in this case to show that each of the plaintiffs

were injured about the forehead and that as a result thereof they had scars, mutilation in the area of the forehead, which were visible, instructed the jury as follows:

> "I instruct you that any outward observable blemish, scars, or mutilation, which tend to mar the appearance to the extent that it lessens or abuses the opportunities of the injured parties to obtain remunerative employment should be considered by you in determining what amount if any that you award to the plaintiffs in this case."

Appellant assigns the above quotation from the charge as error on the ground that it limited any award of damages for the permanent scar on appellant's forehead to the extent that it lessened the opportunity of the appellant to obtain remunerative employment. Appellant further assigns as error that the court, pursuant to G.S. 1-180, should have gone further and instructed the jury that they should award to appellant such amount as they found to be fair and reasonable compensation for mental suffering and pain by appellant naturally and proximately resulting from the permanent scar on her forehead.

In *Muse v. Motor Co.,* 175 N.C. 466, 471, 95 S.E. 900, 902, the Court said: "In actions for personal injuries, one of the elements for the assessment of actual or compensatory damages is mental anguish."

In the instant case defendant in open court admitted negligence and proximate cause, expressly waived presentation to the jury of the issues relating thereto, and stipulated and agreed that the only issue to be considered by the jury was: "What amount, if any, is the plaintiff entitled to recover of the defendant?" Therefore, defendant, whose negligence proximately caused bodily injuries to appellant, is liable for all damages to appellant naturally and proximately resulting from his negligent act. *Heath v. Kirkman,* 240 N.C. 303, 82 S.E. 2d 104; *Bost v. Metcalfe,* 219 N.C. 607, 14 S.E. 2d 648.

The law is well settled in this jurisdiction that in cases of personal injuries resulting from defendant's negligence, the plaintiff is entitled to recover the present worth of all damages naturally and proximately resulting from defendant's tort. The plaintiff, *inter alia,* is to have a reasonable satisfaction for actual suffering, physical and mental, which are the immediate and necessary consequences of the injury. The award is to be made on the basis of a cash settlement of the plaintiff's injuries, past, present, and prospective. In assessing prospective damages, only the present cash value or present worth of such damages is to be awarded as the plaintiff is to be paid

in advance for future losses. *Williamson v. Bennett,* 251 N.C. 498, 112 S.E. 2d 48; *Mintz v. R. R.,* 233 N.C. 607, 65 S.E. 2d 120; 2 Strong's N. C. Index, Damages, § 3. We have not stated the entire rule for compensatory damages for injury to the person, but only so much of it as is strictly relevant to the assignments of error here to the charge.

Generally, mental pain and suffering in contemplation of a permanent mutilation or disfigurement of the person may be considered as an element of damages, and it would seem that the weight of authority is to that effect. However, there is authority to the contrary. 25 C.J.S., Damages, § 66; *Gray v. Washington Water Power Co.,* 30 Wash. 665, 71 P. 206; 10 Blashfield, Cyclopedia of Automobile Law and Practice, perm. Ed., § 6469.

Plaintiff did not testify that she suffered any mental pain or anguish or embarrassment or humiliation because of the permanent scar on her forehead. However, as a general rule, in personal injury cases where mental pain and suffering form an element of recoverable damages by reason of mutilation or disfigurement of the person, direct proof of such pain and suffering is not necessary, but it may be inferred by the jury from the facts of the case or there may be substantial evidence from which the jury may imply its existence. *Muse v. Motor Co., supra;* 25A C.J.S., Damages, § 162(7), p. 100. In our opinion, and we so hold, plaintiff's evidence would permit a jury to infer and find that the permanent scar on appellant's forehead caused her to suffer mental pain.

Nowhere in the charge did the court instruct the jury that they could award damages for mental pain and suffering. In addition, appellant has no evidence that the permanent scar on her forehead lessened her opportunity to obtain remunerative employment. See *Marshburn v. Patterson,* 241 N.C. 441, 85 S.E. 2d 683. In a retrial of this case appellant may or may not be able to offer evidence tending to show that the permanent scar on her forehead lessened her opportunity to secure remunerative employment. The assignments of error to the charge are good. The judge should have charged the jury that if they found from appellant's evidence that appellant suffered mental pain as a result of the permanent scar on her forehead negligently inflicted by defendant's tort, as he admitted, this mental pain should be considered by the jury as an element of actual or compensatory damages in passing upon the issue submitted to them. The trial court is required to charge the law upon all substantial features of the case arising on the evidence even though

there is no request for special instructions. G.S. 1-180; *Yarn Co. v. Mauney*, 228 N.C. 99, 44 S.E. 2d 601.

For prejudicial error in the charge, appellant is entitled to a
New trial.

MOORE, J., not sitting.