VIRGINIA R. KING, PLAINTIFF, v. JOHN J. HIGGINS AND T & A TRUCKING COMPANY, A CORPORATION, DEFENDANTS.

(Filed 13 December, 1967.)

1. Damages § 3—

    When negligence produces some actual physical impact or genuine physical injury, damages may be recovered also for mental or emotional disturbance naturally and proximately resulting therefrom.

2. Damages § 16—

    In a personal injury action, an instruction that the plaintiff, if entitled to recover at all, was to be awarded as damages one compensation in a lump sum for all injuries, past and prospective, caused by defendant's wrongful act, including loss of both bodily and mental powers or for actual suffering both of body and mind, *held,* without error.

3. Appeal and Error § 50—

    A party may not complain of an asserted error in the charge when the instruction complained of is embodied in almost the identical language in his own request for instructions.

4. Trial § 38—

    The court is not required to charge the jury in the precise language of the instructions requested so long as the substance of the request is included in the charge.

**5. Damages § 16—**

The failure of the court to define mental suffering as including embarrassment, mortification, and disfiguring or humiliating injuries, as requested by plaintiff in her prayer for instructions, is not error in the absence of any evidence that plaintiff had undergone this type of mental suffering.

**6. Trial § 38—**

The court may properly refuse a requested instruction which is not a correct statement of the law applicable to the evidence, and the court is under no duty to modify or qualify it so as to remedy the defect therein.

APPEAL by plaintiff from *Crissman, J.,* at the 6 March 1967 Civil Session of GUILFORD.

The plaintiff sues for personal injuries and property damage alleged to have been sustained by her when her automobile, which she was driving, was struck from the rear by a truck, owned by the corporate defendant and driven by the individual defendant in the course of his employment. The jury found in favor of the plaintiff upon the issue of negligence and awarded her $1,300 for damage to her automobile and $12,500 for her personal injuries. Judgment was entered in accordance with the verdict. The plaintiff seeks a new trial upon the issue of damages only and assigns as error the charge of the court upon the question of damages recoverable for personal injury, the failure of the court to give the instruction requested by the plaintiff upon this question, and the failure of the court to declare and explain the law arising upon the evidence as required by G.S. 1-180.

There was evidence tending to show that the plaintiff sustained what is commonly called a whiplash injury to her neck and back. The plaintiff testified to substantial and continuing pain and weakness in her arm and back, continuing headaches, her inability to perform work which she had previously done, and substantial restrictions upon her ability to move various parts of her body. She offered medical testimony attributing these pains and disabilities to the injury received by her in this collision and the testimony of a psychiatrist that she suffered from a "depressive reaction" which was "nearly completely incapacitating to her," which had a 30 per cent chance of permanency and which the psychiatrist believed "was related to the accident in which she was involved," although there are many other possible causes of such condition.

The plaintiff assigns as error the following instruction upon the question of damages for personal injury:

"Now, the Court charges you that in cases like this one, if the Plaintiff be entitled to recover at all, that she is entitled to

recover as damages one compensation in a lump sum for all injuries, past and prospective, in consequence of the defendants' wrongful act. Now, these are understood to embrace indemnity for actual nursing and medical expenses and loss of time from inability to perform ordinary labor or capacity to earn money. The plaintiff is to have a reasonable satisfaction, if she be entitled to recover at all, for loss of both bodily and mental powers or for actual suffering both of body and mind which are the immediate and necessary consequences of the injury that she sustained in this accident or in this collision, and it is for you, members of the jury, to say under all the circumstances what is a fair and reasonable sum which the defendants should pay the plaintiff by way of compensation for the injury that she sustained."

This portion of the charge to the jury is virtually a verbatim quotation of the first portion of the plaintiff's requested instruction on this issue. The court further instructed the jury that it was to consider the age of the plaintiff, her life expectancy as shown in the Mortuary Tables, the nature of the work and value of her services at the time of her injury, "along with the other evidence in arriving at what would be fair and reasonable compensation to her." The court then reviewed the contentions of the parties as to the nature and extent of the plaintiff's injuries and pain and resulting inability, past and prospective, to work as she did prior to the collision, and as to the expenses incurred by her as a consequence of such injury.

*Hines and Dettor for plaintiff appellant.*
*Smith, Moore, Smith, Schell & Hunter for defendant appellee.*

PER CURIAM. "It is almost the universal opinion that recovery may be had for mental or emotional disturbance in ordinary negligence cases where, coincident in time and place with the occurrence producing the mental stress, some actual physical impact or genuine physical injury also resulted directly from defendant's negligence." *Williamson v. Bennett*, 251 N.C. 498, 112 S.E. 2d 48. See also *King v. Britt*, 267 N.C. 594, 148 S.E. 2d 594. In the present case the jury was instructed that the plaintiff, if entitled to recover at all, was to be awarded in a lump sum a fair and reasonable compensation for all of her injuries, past and prospective, including "actual suffering both of body and mind." There is no error in that portion of the charge quoted above in the statement of facts, to which the plaintiff excepted. It is in accord with the decision of this Court in

*Mintz v. R. R.,* 233 N.C. 607, 611, 65 S.E. 2d 120. Furthermore, the plaintiff, having requested an instruction in almost the exact language used, cannot complain of it as error entitling her to a new trial. *Overton v. Overton,* 260 N.C. 139, 144, 132 S.E. 2d 349; *Carruthers v. R. R.,* 218 N.C. 377, 11 S.E. 2d 157.

The contention that the court did not give the remainder of the instruction requested by the plaintiff is also without merit. Much of such remainder of the requested instruction was given in substance though not in the precise language of the request. In this there was no error since the court is not required to charge the jury in the precise language of the request so long as the substance of the request is included in language which does not weaken its force. *Dinkins v. Booe,* 252 N.C. 731, 114 S.E. 2d 672; *Lloyd v. Bowen,* 170 N.C. 216, 86 S.E. 797.

It was not error for the court to refuse to give the definition of "mental suffering" contained in the request. The definition or explanation of the term so requested included, among other things, "mortification", "embarrassment", "humiliation", "grief," and "disfiguring or humiliating" injuries. The plaintiff did not testify to any feeling or humiliation or embarrassment as a result of her injuries, and since there was no evidence of any disfiguring injury, there was no basis for an implication of this type of mental suffering such as was present in *King v. Britt, supra.* There being no evidence of this type of mental suffering, the plaintiff was not entitled to her request that the jury might consider it in determining the amount to be awarded as damages. A requested instruction which is not, in its entirety, a correct statement of the law applicable to the evidence may be refused, the court being under no duty to modify or qualify it so as to remedy the defect therein. *Horse Exchange v. R. R.,* 171 N.C. 65, 87 S.E. 941; *Edwards v. Telegraph Co.,* 147 N.C. 126, 60 S.E. 900.

The charge of the court below, considered in its entirety, properly states the measure of damages and the elements of the plaintiff's injury to be considered by the jury in the light of the evidence in the record. We find in it no error which would justify a new trial.

No error.