STATE OF NORTH CAROLINA v. TONY LEVET SMITH

No. 32PA84

(Filed 5 June 1984)

**Criminal Law § 111.1— identification instructions—sufficient**

> The trial court gave adequate identification instructions in a prosecution for robbery with a dangerous weapon where the only eyewitness to the crime testified that he recognized the defendant from having seen him both in the store and on the street on prior occasions; his identification of the defendant did not occur after the offense was committed nor was it even based merely on a brief observance at the scene of the crime; and the requested instructions of the defendant were inapplicable under the facts of the case.

WE allowed discretionary review from the Court of Appeals (*Phillips, J.,* concurred in by *Hill, J.* and *Johnson, J.*), which granted a new trial from *Lewis, J.,* from judgment entered 14 May 1982 in Superior Court, MECKLENBURG County. Defendant had been convicted of robbery with a dangerous weapon and received the presumptive sentence of fourteen years.

The State's evidence tended to show that on 16 February 1982 the defendant and another man entered Kennan Street Grocery in Charlotte with a sawed-off .12 gauge shotgun. Both men had scarves tied around their heads below the nose. Defendant also had on a toboggan. Two employees, Hugh Houston and Patricia Roseboro, were the store's only occupants at that time. Shortly thereafter defendant hit Mr. Houston in the head with the shotgun, knocking him down. When the victim tried to get up, defendant hit him again with the shotgun, breaking his arm.

Soon thereafter, Mr. Houston gave defendant approximately $250.00 in money from the store. The defendant and his accomplice left.

The record discloses that the defendant was no stranger to Mr. Houston. On direct examination, Mr. Houston testified:

Q. Mr. Houston, let's go back to the time when you first saw the defendant Smith and the other fellow come in, what was your first reaction, when you saw those two come in the store?

A. My first reaction, I was surprised. I thought maybe they might have been playing.

Q. Why did you think that?

A. Because I knowed he knowed me and I knowed him.

Q. Had you seen Defendant Tony Smith before?

A. Yes, plenty times.

Q. Where?

A. In the store and on the street too.

Subsequently, Mr. Houston identified defendant from photographs, in a lineup and also in court.

Defendant offered no evidence on his own behalf.

The Court of Appeals granted a new trial on the theory that the court's instructions as to identification were insufficient.

Additional facts pertinent to the decision will be related in the opinion.

*Rufus L. Edmisten, Attorney General, by George W. Lennon, Assistant Attorney General, for the State.*

*Malcolm Ray Hunter, Jr., Assistant Appellate Defender, for the defendant.*

COPELAND, Justice.

We believe that Judge Lewis correctly instructed the jury under the facts and circumstances of this case. The sole contention on appeal was that the trial judge incorrectly charged the jury regarding the State's identification testimony and incorrectly refused to give instructions requested by the defendant.

Judge Lewis gave the following identification instructions:

In appraising the identification testimony of any witness, Members of the Jury, I suggest to you that you may consider the capacity and adequate opportunity the witness Houston had to observe the defendant. Second, whether or not the identification made by the witness subsequent to the offense was a product of his own recollection. Third, you should also

consider the credibility of each identification witness in the same way as any other witness as you consider whether the witness has the capacity and opportunity to make a reliable observation on the matter of identification covering his testimony. You may also consider whether or not on some other occasion, he, the witness, was able to make an identification of the defendant. As I instructed you, the State has the burden of proof and this extends to every element of the crime charged, including the burden of proving beyond a reasonable doubt the identity of Mr. Smith as being the perpetrator.

In our opinion this was an adequate instruction under the circumstances of this case and in substance comported with defendant's request.

The facts disclose here that Mr. Hugh Houston was the only eyewitness to the crime who testified. His testimony was to the effect that he recognized the defendant from having seen him both in the store and on the street on prior occasions. His identification of the defendant did not occur after the offense was committed, nor was it even based merely upon a brief observance at the scene of the crime, as in the usual case. Thus, Judge Lewis was not required to give the requested instructions, since it was inapplicable under the facts of this case.

It seems to us that the decision of the Court of Appeals appears almost in direct conflict with two decisions of our Court. In *State v. Silhan,* 302 N.C. 223, 252, 275 S.E. 2d 450, 472 (1981), a unanimous opinion by Justice Exum, we affirmed a conviction in a detailed and lengthy opinion. In *Silhan,* defendant had also requested special instructions on the issue of identification. Our Court held that the instructions given by Judge Fountain at trial had adequately conveyed the substance of the defendant's request. We held that there was no error in failing to give the defendant's request in its exact form. The instructions of Judge Fountain consisted of a single paragraph.

A similar result was reached in *State v. Green,* 305 N.C. 463, 477, 290 S.E. 2d 625 (1982). We held in *Green* as follows:

The instruction clearly emphasized the importance of proper identification of the defendant and emphasized that the

burden of proving such identity beyond a reasonable doubt was on the State. Read contextually, the charge adequately explained to the jury the various factors they should consider in evaluating the testimony of witnesses. The instructions given by the Trial Court adequately conveyed the substance of defendant's proper request; no further instructions were necessary.

We note that the State erroneously contends that defendant has waived his right to appellate review on this issue by failing to object to the instruction given in a timely manner. The record reveals that defense counsel submitted a written request for particular instructions prior to the jury arguments, which the court denied. Defendant is not required by either Rule 10(b)(2) of the North Carolina Rules of Appellate Procedure or Rule 21 of the General Rules of Practice for the Superior and District Courts, to repeat his objection to the jury instructions, after the fact, in order to properly preserve his exception for appellate review. *See: Wall v. Stout*, 310 N.C. 184, 311 S.E. 2d 571 (1984).

The trial court summarized in detail the defendant's contentions. The jury was specifically told the perpetrator of the offense was wearing a mask. When these instructions are read as a whole and considered in context, it appears obvious to us that Judge Lewis fairly advised the jury of every element of the offense and provided a correct statement of the law on every subordinate feature requested. We believe that is all that was required of the capable trial judge.

The Court of Appeals speaks of the possibility of misidentification. Theoretically that is always a possibility. From a practical standpoint, we do not believe that anything further was required from Judge Lewis in this instance. It is well settled in this State that the trial judge is not required to charge the jury in the *exact* language requested by the defendant. A charge which conveys the substance of the requested instructions is sufficient. *State v. Monk*, 291 N.C. 37, 54, 229 S.E. 2d 163 (1976).

Accordingly, the opinion of the Court of Appeals is reversed and the judgment of Judge Lewis reinstated.

Reversed and remanded.