MUTUAL BENEFIT LIFE INSURANCE COMPANY, PLAINTIFF v. CITY OF WINSTON-SALEM, DEFENDANT

No. 8921SC1384

(Filed 18 September 1990)

**1. Principal and Agent § 5 (NCI3d) — group life insurance — negotiation — apparent authority of agent**

There was no prejudicial error in a declaratory judgment action to determine coverage under a group life insurance policy in the denial of defendant's motion for a directed verdict on the issues of actual and apparent authority where the jury answered the issue of actual authority in plaintiff's favor so that there was no prejudice, and there was sufficient competent evidence to allow the jury to believe that the City was justified in believing that Mutual Benefit conferred apparent authority on the agent to alter the policy by adding an attachment.

**Am Jur 2d, Insurance § 120.**

**2. Trial § 38.1 (NCI3d) — apparent authority of insurance agent — request for instruction — given in substance**

The trial court did not err in its instructions on apparent authority in a declaratory judgment action to determine coverage under a group life insurance policy where the court did not give plaintiff's requested instruction but properly instructed the jury on the substance of the effect on apparent authority of known limitations.

**Am Jur 2d, Trial §§ 592, 596.**

3. **Trial § 38.1 (NCI3d) — jury instructions changed without notice to counsel — requested instruction given in substance — no prejudice**

The trial court did not err by changing the jury instructions without notice to counsel and after jury arguments where the court instructed the jury on the substance of plaintiff's requested instruction.

**Am Jur 2d, Trial §§ 592, 596.**

4. **Insurance § 3 (NCI3d) — group life insurance — attachment as a part of contract**

The trial court did not err in a declaratory judgment action to determine insurance coverage by denying defendant's motions for a directed verdict, judgment n.o.v., and a new trial on the issue of whether a contract was formed which included an attachment where defendant's evidence shows that defendant intended the attachment to be part of the contract from the beginning; furthermore, plaintiff's arguments contending lack of consideration for the attachment as a separate contract or contract modification were rejected because the attachment became part of the contract, if ever, at the formation of the contract.

**Am Jur 2d, Insurance § 295.**

5. **Appeal and Error § 505 (NCI4th) — issues not reached by jury — no prejudice**

Plaintiff did not demonstrate prejudice in a declaratory judgment action to determine insurance coverage on the issues of modification and unfair and deceptive trade practice where the jury did not reach those issues.

**Am Jur 2d, Declaratory Judgments §§ 228, 229.**

6. **Trial § 11 (NCI3d) — opening and closing argument by defendant — discretion of court**

There was no error in a declaratory judgment action to determine insurance coverage where defendant opened and closed the arguments to the jury despite introducing evidence. The decision to open and close in this case was within the discretion of the trial court.

**Am Jur 2d, Trial § 213.**

APPEAL by plaintiff from judgment entered 9 October 1989 in FORSYTH County Superior Court by *Judge Howard R. Greeson, Jr.* Heard in the Court of Appeals 23 August 1990.

Plaintiff, Mutual Benefit Life Insurance Company [Mutual Benefit], instituted this declaratory judgment action seeking a determination of the coverage provided under a group life insurance contract with defendant, City of Winston-Salem [the City].

At trial, the evidence tended to show that in September 1986 the City's then current group life insurance company, Hermitage Health and Life Insurance Company, went into receivership. Subsequently, in late October 1986, Guy Bridges, licensed agent for Mutual Benefit, presented to City officials a group life insurance proposal on behalf of Mutual Benefit. The City and Mutual Benefit began negotiations to place the City's Employee Group Life Insurance coverage with Mutual Benefit.

The City desired to make changes to the proposed coverage and informed Bridges of the desired changes. Among the changes proposed was that the City desired Mutual Benefit to pick up coverage for three employees who had been approved as disabled and eligible for waiver of premium coverage by the prior carrier. The City also proposed that Mutual Benefit review for and provide premium waiver for several out of work employees who claimed disability but had yet to be approved.

Mutual Benefit's agent, Bridges, forwarded the requested changes to Paul M. Lee, Regional Group Manager of Mutual Benefit's Regional Group Sales Office in Atlanta, Georgia. On October 24, 1986, Lee wrote Bridges a letter confirming that Mutual Benefit would continue coverage for the three previously approved employees. The evidence tended to show that Lee orally informed Bridges that Mutual Benefit had approved the City's other requested changes. The City incorporated the requested changes into an "Attachment." Bridges forwarded the "Attachment" by letter dated October 31, 1986 to Lee, along with the City's preliminary application and initial $12,000 premium. Bridges' letter to Lee stated in part that coverage was to be in accordance with the attachment to the application.

Subsequently, Clifford S. Korte, Vice-President of Mutual Benefit, wrote a letter informing City Manager, Bryce A. Stuart, that the City's preliminary application for group life insurance had

been approved. Korte then referred any questions to Mutual Benefit's Regional Group Sales Office in Atlanta. On December 10, 1986 Lee wrote a letter from the Regional Group Sales Office to City Manager Stuart. Lee included with his letter the "Attachment" with his signature. Lee stated that the "Attachment" was approved after review with the home office and was binding with his signature.

In the spring of 1987 the City submitted claims to Mutual Benefit on persons covered by the "Attachment." Mutual Benefit denied coverage on the grounds that Lee was not authorized to sign the "Attachment." Mutual Benefit argued that the contract explicitly states that only the executive officers had authority to approve policy changes.

The court below denied plaintiff's motion for directed verdict at the close of the evidence. The jury verdict in favor of defendant found that Lee had apparent authority to make the "Attachment" part of the contract. The court denied plaintiff's motions for judgment notwithstanding the verdict and new trial. Plaintiff appeals.

*Petree Stockton & Robinson, by James H. Kelly, Jr. and Barbara E. Brady, for plaintiff-appellant.*

*City Attorney's Office, by Sherry R. Dawson, for defendant-appellee.*

*Womble, Carlyle, Sandridge & Rice, by Roddey M. Ligon, Jr., for defendant-appellee.*

WELLS, Judge.

Plaintiff-appellant contends the trial court erred in denying its directed verdict motion on the issues of actual and apparent authority.

[1] In its first assignment of error, plaintiff contends that the trial court erred in denying its motion for directed verdict on the issue of actual authority. The jury having answered the issue of actual authority in plaintiff's favor, plaintiff was not prejudiced by the denial of its motion for a directed verdict on that issue. *See McCall v. Warehousing, Inc.*, 272 N.C. 190, 158 S.E.2d 72 (1967).

Plaintiff also contends the trial court erred in denying its motion for directed verdict as to the issue of apparent authority. A motion for directed verdict is to test the legal sufficiency of the evidence to take the case to the jury. *See Kelly v. Harvester*

*Co.*, 278 N.C. 153, 179 S.E.2d 396 (1971). In passing on a motion for directed verdict, the trial court must consider the evidence in the light most favorable to the nonmovant, and conflicts in the evidence together with inferences which may be drawn therefrom must be resolved in favor of the nonmovant. *See Bullins v. Schmidt*, 322 N.C. 580, 369 S.E.2d 601 (1988).

The principal is bound not only by the acts of the agent within the agent's express authority, but also by acts of the agent within the scope of his apparent authority. *See Morpul Research Corp. v. Westover Hardware, Inc.*, 263 N.C. 718, 140 S.E.2d 416 (1965). "[Apparent authority] is that authority which the principal has held the agent out as possessing or which he has permitted the agent to represent that he possesses; however, the determination of the principal's liability in any particular case must be determined by what authority the third person in the exercise of reasonable care was justified in believing that the principal had, under the circumstances, conferred upon his agent." *Zimmerman v. Hogg & Allen*, 286 N.C. 24, 209 S.E.2d 795 (1974).

Plaintiff contends that since the policy contains an express limitation that only executive officers, president, vice president, secretary, treasurer or mathematician can alter the policy and that Lee did not qualify for any of these positions, defendant knew or in the exercise of reasonable care should have known that Lee was not authorized to enter into the contract. We must therefore determine whether sufficient competent evidence was presented at trial to allow the jury to find that the City was justified in believing that Mutual Benefit conferred apparent authority on Lee to alter the policy by adding the "Attachment." We find that such evidence was presented.

Defendant's evidence includes the fact that Mutual Benefit placed Lee in the position sounding in broad authority: Regional Group Manager of Mutual Benefit's Regional Group Sales Office in Atlanta, Georgia. Defendant also presented evidence that Mutual Benefit has a history of allowing "managers" to alter contracts. The specimen policy presented to the City included an "Attachment" which altered the terms of that policy. Mark S. White, Manager, Group Client Services, Department-II, authorized the changes. Defendant further presented evidence that Clifford Korte, Vice President of Mutual Benefit, wrote a letter to the City referring all questions about the policy to the Regional Group Sales

Office in Atlanta. This evidence persuades this Court that the trial court properly allowed the issue of apparent authority to go to the jury. Plaintiff relies heavily on *Pearce v. American Defender Life Ins. Co.*, 74 N.C. App. 620, 330 S.E.2d 9 (1985), which involved a similar question. *Pearce* turns on the fact that the agent had no apparent authority to modify a *preexisting* contract in light of the express language that policy alterations were limited to executive officers only. The case at hand is distinguishable by the fact that the parties were still negotiating the terms of the policy rather than modifying a *preexisting* contract. Here, defendant's evidence tended to show that defendant reasonably believed that Lee had apparent authority to negotiate the policy terms. Even if a contract had been formed with the "Attachment" viewed as a contract modification, the evidence discussed above was sufficient for the jury to find that plaintiff's conduct naturally and justly led the City to believe the pertinent provisions of the policy were modified or waived. *See Childress v. Trading Post*, 247 N.C. 150, 100 S.E.2d 391 (1957).

[2] In its second and third assignments of error, plaintiff contends the trial court's jury instructions on the issue of apparent authority were improper and prejudicial. We disagree. Plaintiff requested special instructions regarding the effect of the contract's language limiting policy changes to executive officers only. Plaintiff's requested instruction, in essence, stated that this limiting language eliminated apparent authority. The trial court refused to instruct the jury verbatim pursuant to plaintiff's request. However, the trial court did properly instruct the jury on the substance of known limitations' effect on apparent authority. ". . . [T]he court is not required to charge the jury in the precise language of the request so long as the substance of the request is included in language which does not weaken its force." *King v. Higgins*, 272 N.C. 267, 158 S.E.2d 67 (1967). We overrule these assignments.

[3] In its fourth assignment of error, plaintiff contends the trial court erred by improperly changing the jury instructions without notice to counsel and after jury arguments. As noted above, the trial court instructed the jury on the substance of plaintiff's requested instruction. Since the jury instruction did not constitute a change in the plaintiff's requested instruction, plaintiff's assignment of error is without merit.

[4] In its fifth assignment of error, plaintiff contends that the trial court erred in denying its motion for directed verdict, judg-

ment notwithstanding the verdict, and new trial on the issue of whether a contract was formed which included the "Attachment." We disagree. Defendant's evidence shows that from the beginning of the negotiations with plaintiff, defendant intended the "Attachment" to be part of the contract. We further agree with defendant's argument that the "Attachment" became a part of the contract, if ever, at the formation of the contract. Therefore, plaintiff's arguments contending lack of consideration for the "Attachment" as a separate contract or contract modification are rejected.

[5]   In its sixth and eighth assignments of error, plaintiff contends the trial court erred in denying its motion for directed verdict on the issue of ratification and unfair and deceptive trade practices, respectively. Due to the fact that the jury did not reach these issues at trial, plaintiff has not demonstrated any prejudice. *See McCall, supra.*

In its seventh assignment of error plaintiff contends that the trial court erred in denying its motion for new trial on the grounds of manifest disregard by the jury of the instructions given by the court, insufficiency of the evidence to justify the verdict, and a verdict contrary to the law and facts of this case. For the reasons discussed above we disagree.

[6]   Plaintiff finally assigns as error the trial court's permitting defendant to open and close the arguments to the jury. Plaintiff argues that since defendant introduced evidence at trial, Rule 10 of the General Rules of Practice for the Superior and District Courts prevents defendant from both opening and closing. Plaintiff fails to support his contention with authority and we do not read this meaning into Rule 10 of the General Rules of Practice for the Superior and District Courts. Rule 10 states:

> In all cases, civil or criminal, if no evidence is introduced by the defendant, the right to open and close the argument to the jury shall belong to him. If a question arises as to whether the plaintiff or the defendant has the final argument to the jury, the court shall decide who is so entitled, and its decision shall be final.

The decision to allow defendant to open and close in this case was within the discretion of the trial judge. *See Helig v. Insurance Co.*, 222 N.C. 231, 22 S.E.2d 429 (1942); *Pinner v. Southern Bell,*

60 N.C. App. 257, 298 S.E.2d 749, *disc. rev. denied*, 308 N.C. 387, 302 S.E.2d 253 (1983). We find no abuse of discretion.

No error.

Judges EAGLES and LEWIS concur.