NATHAN WAYNE ROBERTS, DERALD WAYNE ROBERTS, AND WIFE, MARY JENENE ROBERTS v. RONALD CHARLES YOUNG AND CAROLYN NELSON TUGGLE

No. COA95-120

(Filed 21 November 1995)

**1. Trial § 121 (NCI4th)— bifurcation of compensatory and punitive damages issues—trial court's discretion**

The plain language of N.C.G.S. § 1A-1, Rule 42(b) vests in the trial court broad discretionary authority to determine when bifurcation of compensatory and punitive damages issues is appropriate.

**Am Jur 2d, Trial §§ 120, 121.**

**2. Trial § 213 (NCI4th)— motion to dismiss own claim—time for making**

Under the plain language of N.C.G.S. § 1A-1, Rule 41(a)(1), a plaintiff is vested with the authority to dismiss any of its claims prior to close of its case-in-chief; therefore, the trial court did not err in allowing plaintiff to dismiss his claim of punitive damages where plaintiff made his motion to dismiss prior to the close of his case-in-chief.

**Am Jur 2d, Dismissal, Discontinuance, and Nonsuit §§ 9 et seq.**

**3. Trial § 412 (NCI4th)— objection to instructions—time for objection**

There was no merit to plaintiff's contention that the Court should dismiss State Farm's assignments of error to the trial court's instructions on damages for failure to contemporaneously object to the trial court's instructions, since State Farm submitted proposed jury instructions and a proposed damages issue to the trial court at the charge conference and thus satisfied the policy of N.C.R. App. P. 10(b)(2).

**Am Jur 2d, Trial §§ 1465, 1466.**

**4. Trial § 302 (NCI4th)— defendants' requested instruction— instruction given in substance**

State Farm's requested instruction informing the jury of the withdrawal of the punitive damages issue and emphasizing that the jury must not consider evidence already presented at trial was provided in substance by the trial court.

Am Jur 2d, Trial §§ 1092 et seq.

**5. Trial § 200 (NCI4th)— final jury argument—defendant not denied**

There was no merit to unnamed defendant State Farm's contention that the trial court erred by failing to provide this defendant with the final argument to the jury where the court gave defendants the opening and closing arguments; the record did not indicate anything in the trial court's order which prevented the two defendants from splitting the time allotted for closing argument; the two defendants decided the order of argument; and State Farm suffered no prejudice in having to open while the other defendant, a party with the similar interest of minimizing the jury award, was afforded the opportunity to rebut plaintiff's summation.

Am Jur 2d, Trial §§ 535 et seq.

**6. Evidence and Witnesses § 1017 (NCI4th)— admissions properly admitted and argued**

The trial court did not err in admitting defendant's admissions and allowing plaintiff's counsel to argue the same to the jury where, prior to closing arguments, plaintiff requested that defendant's initial denial of liability be admitted into evidence to rebut the assertion in opening statements that defendants had always admitted liability. N.C.G.S. § 1A-1, Rule 36(b).

Am Jur 2d, Evidence §§ 754 et seq.

**7. Trial § 563 (NCI4th)— $450,000 award—evidence of injuries and medical expenses—motion for new trial— denial proper**

In light of the evidence of plaintiff's physical injuries and medical expenses, the jury's award of $450,000 was not excessive as a matter of law and the trial court therefore did not abuse its discretion in denying defendants' motion for a new trial.

Am Jur 2d, New Trial §§ 393 et seq.

**8. Judgments § 652 (NCI4th)— prejudgment interest—interest not tolled**

The trial court properly denied State Farm's motion to toll prejudgment interest in a personal injury action based on the plain language of N.C.G.S. § 24-5.

Am Jur 2d, Interest and Usury §§ 87 et seq.

ROBERTS v. YOUNG

[120 N.C. App. 720 (1995)]

Appeal by defendant from judgment entered 6 October 1994 by Judge Claude S. Sitton in Buncombe County Superior Court. Heard in the Court of Appeals 29 September 1995.

*Long & Parker, P.A., by Robert B. Long, Jr., and W. Scott Jones, for plaintiff-appellee Nathan Wayne Roberts.*

*Van Winkle, Buck, Wall, Starnes & Davis, P.A., by Roy W. Davis, Jr., and Michelle Rippon, for unnamed defendant-appellant, State Farm Automobile Insurance Company.*

MARTIN, MARK D., Judge.

Unnamed defendant State Farm Automobile Insurance Company (State Farm) appeals from jury verdict alleging 10 assignments of error. We find no error.

State Farm contends the trial court erred by: (1) failing to bifurcate the damages issue; (2) admitting evidence relating to punitive damages; (3) allowing plaintiff, at the close of its evidence, to dismiss its claim for punitive damages; (4) instructing the jury on the effect of plaintiff's withdrawal of the punitive damages issue in a materially different way than proposed by State Farm; (5) instructing the jury on the effect of the withdrawal of the punitive damages issue prior to closing arguments; (6) failing to submit State Farm's proposed issue concerning the plaintiff's recovery of actual damages; (7) requiring State Farm, even though it offered no evidence, to present the first jury summation; (8) admitting into evidence plaintiff's exhibit 45, defendant's Answers to Request for Admissions, and permitting plaintiff's counsel to argue the same in summation; (9) denying State Farm's Motion for a New Trial; and (10) denying State Farm's Motion to Toll Prejudgment Interest.

On 28 October 1991 plaintiff Nathan Roberts (Roberts) filed his complaint for personal injuries and medical expenses. Roberts amended his complaint on 14 May 1993 to include an allegation of emotional distress and to add Derald and Mary Roberts, Roberts' parents, as plaintiffs. Derald and Mary Roberts ultimately dismissed their emotional distress claim without prejudice. Roberts also dismissed his claim against Carolyn Tuggle without prejudice.

The facts surrounding the accident are undisputed. On 11 October 1994 Young was driving a 1974 Oldsmobile. At around 9:30 or 10 p.m., Young drove into an apartment complex located on Erskine Street. After leaving the apartment complex, nearby police officers

**ROBERTS v. YOUNG**

[120 N.C. App. 720 (1995)]

were suspicious of Young's activities and stopped his car. As the officers approached his vehicle, Young sped away and the ensuing chase eclipsed speeds of 75 miles per hour. In his efforts to elude the police, Young ran a red light at the intersection of Southside and Charlotte streets and struck Roberts' car. When the police officers arrived at the scene of the accident, Roberts was semi-conscious and bleeding extensively.

At trial Roberts presented evidence tending to show he suffered the following injuries as a result of the accident: (1) a broken right leg which required the insertion of a steel rod; (2) several broken teeth which will require future corrective surgery; (3) the initial symptoms of temporomandibular dysfunction; (4) lacerations on his chin, including a scar which plastic surgery will not completely erase, and lacerations on his right leg; (5) pain in his lower back and sciatic nerve; and (6) muscle damage to his right leg. At oral argument the parties stipulated that Roberts' present and future medical expenses total approximately $30,000.

Beyond his observable physical injuries, medical and psychological experts testified Roberts suffered a "closed head injury"—an injury which often results in personality changes, memory and attention deficits, irritability, and an overall slowing of mental functions. Roberts also called family and teachers who cited specific manifestations of Roberts' post-accident changes in personality and decreased mental capacity.

At trial Young stipulated: (1) he was negligent in operation of his vehicle; and (2) his negligence was the proximate cause of Roberts' injuries. Further, neither Young nor State Farm presented any evidence regarding the injuries Roberts suffered in the accident.

After being charged solely on the issue of damages, the jury returned a verdict for Roberts in the amount of $450,000. Young and State Farm appealed. On 6 March 1995 Young voluntarily dismissed his appeal.

A.

[1] State Farm contends, in its first and second assignments of error, that the trial court abused its discretion by failing: (1) to bifurcate the compensatory and punitive damages issues; and (2) to exclude evidence relating to punitive damages at trial.

Bifurcation is governed by N.C.R. Civ. P. 42(b), which provides:

> The court <u>may in furtherance of convenience or to avoid preju-</u>
> <u>dice</u> and shall for considerations of venue upon timely motion
> order a separate trial of any claim, cross-claim, counterclaim, or
> third-party claim, or of any separate issue or of any number of
> claims, cross-claims, counterclaims, third-party claims, or issues.

N.C. Gen. Stat. § 1A-1, Rule 42(b) (1990) (emphasis added). State
Farm contends the trial court was required, pursuant to Rule 42(b), to
bifurcate the damages issue.

" 'Statutory interpretation properly begins with an examination of
the plain words of the statute.' " *Hyler v. GTE Products Co.*, 333 N.C.
258, 262, 425 S.E.2d 698, 701 (1993) (*quoting Correll v. Division of
Social Services*, 332 N.C. 141, 144, 418 S.E.2d 232, 235 (1992)). If the
language of the statute is clear, this Court must implement the statute
according to the plain meaning of its terms. *Id.* Further, when accord-
ing a statute its plain meaning, courts "may not interpolate or super-
impose provisions and limitations not contained therein." *Preston v.
Thompson*, 53 N.C. App. 290, 292, 280 S.E.2d 780, 783, *disc. review
denied and appeal dismissed*, 304 N.C. 392, 285 S.E.2d 833 (1981).

Rule 42(b) provides the trial court "<u>may</u> . . . order a separate trial
on any claim . . . ." N.C. Gen. Stat. § 1A-1, Rule 42(b) (1990) (empha-
sis added). The definition of "may" is "have liberty to—used nearly
interchangeably with *can.*" WEBSTERS NEW COLLEGIATE DICTIONARY 523
(7th ed. 1969). The use of "may," as opposed to "shall," is indicative of
discretion or choice between two or more alternatives. *See United
States v. Cook*, 432 F.2d 1093, 1098 (7th Cir. 1970), *cert. denied*, 401
U.S. 996, 28 L. Ed. 2d 535 (1971). Thus, we believe, contrary to State
Farm's contentions, that the plain language of Rule 42(b) vests in the
trial court broad discretionary authority to determine when bifurca-
tion is appropriate.

Our interpretation of Rule 42(b) is in complete accord with our
Supreme Court's admonition the trial court must accept a broad
supervisory role over the structure of a trial. *In re Will of Hester*, 320
N.C. 738, 741-742, 360 S.E.2d 801, 804 (1987). As our Supreme Court
stated: ˙

> The paramount duty of the trial judge is to supervise and con-
> trol the course of the trial so as to prevent injustice. In discharg-
> ing this duty, the court possesses broad discretionary powers suf-
> ficient to meet the circumstances of each case. This supervisory

power encompasses the authority to structure the trial logically and to set the order of proof.

*Id.* (citations omitted). The legislative comment to Rule 42 also supports this view stating, "the power of severance is an indispensable safety valve to guard against the occasion where a suit of unmanageable size is thrust on the court. Whether or not there should be a severance rests in the sound discretion of the judge." N.C. Gen. Stat. § 1A-1, Rule 42, official commentary (1990).

Because of its broad discretionary powers, the trial court's decisions regarding trial supervision and control will not be disturbed on appeal absent abuse of discretion. *Hester*, 320 N.C. at 742, 360 S.E.2d at 804. A trial court abuses its discretion when it makes "a patently arbitrary decision, manifestly unsupported by reason." *Buford v. General Motors Corp.*, 339 N.C. 396, 406, 451 S.E.2d 293, 298 (1994) (*citing State v. Locklear*, 331 N.C. 239, 248-249, 415 S.E.2d 726, 732 (1992)).

In the present case, State Farm made its motion to bifurcate the punitive and compensatory damages issues <u>after</u> the case was called for trial. State Farm argued the jury would be confused and the compensatory award inflated if evidence relating to punitive damages was presented and thereafter dismissed. After careful review of the record, we cannot say the trial court abused its discretion by denying State Farm's motion to bifurcate the damages issue.

Further, in light of our decision upholding the trial court's denial of State Farm's motion to bifurcate, admission of evidence regarding the issue of punitive damages was proper. See N.C.R. Evid. 401, *et seq.*

B.

[2] State Farm alleges, in its third assignment of error, that the trial court erred by allowing Roberts to dismiss his claim of punitive damages.

N.C.R. Civ. P. 41(a)(1) provides in pertinent part:

[A]n action or any claim therein <u>may be dismissed by the plaintiff without order of the court (i) by filing a notice of dismissal at any time before the plaintiff rests his case,</u> or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

N.C. Gen. Stat. § 1A-1, Rule 41(a)(1) (1990) (emphasis added). As previously indicated, where the language of a statute is unambiguous, we are bound by the plain language of the statute. *See Hyler*, 333 N.C. at 262, 425 S.E.2d at 701. Under the plain language of Rule 41(a)(1), we believe a plaintiff is vested with the authority to dismiss any of its claims prior to close of its case-in-chief. *See Whitehurst v. Transportation Co.*, 19 N.C. App. 352, 355, 198 S.E.2d 741, 743 (1973) (holding plaintiff's absolute right to dismiss his action is limited in duration by Rule 41(a)(1) to any time before plaintiff rests his case.).

In the instant case, Roberts presented his Motion to Dismiss the issue of punitive damages under Rule 41(a) prior to the close of his case-in-chief. Accordingly, we find no merit in State Farm's contention the trial court misapplied Rule 41(a).

C.

[3] State Farm asserts, in its fourth, fifth, and sixth assignments of error, that the trial court: (1) erroneously instructed the jury on the effect of Robert's withdrawal of the punitive damages issue; and (2) improperly failed to submit State Farm's proposed issue concerning the plaintiff's recovery of actual damages.

At the outset we note Roberts urges this Court to dismiss the above assignments of error under N.C.R. App. P. 10(b)(2) for failure to contemporaneously object to the trial court's instruction. Our courts hold, however, that the policy of Rule 10(b)(2) is met when a request to alter an instruction has been submitted to the trial court at the charge conference. *See Wall v. Stout*, 310 N.C. 184, 189, 311 S.E.2d 571, 574-575 (1984); *State v. Smith*, 311 N.C. 287, 289-290, 316 S.E.2d 73, 75 (1984). Because State Farm submitted proposed jury instructions and a proposed damages issue to the trial court at the charge conference, we find, under *Wall* and *Smith*, that State Farm has satisfied the policy of Rule 10(b)(2) and, therefore, now consider the merits of State Farm's contentions.

It is well settled "[t]he trial court must give the instructions requested, at least in substance, if they are proper and supported by evidence. However, the trial court may exercise discretion to refuse instructions based on erroneous statements of the law." *Haymore v. Thew Shovel Co.*, 116 N.C. App. 40, 49, 446 S.E.2d 865, 871 (1994) (citations omitted). Further, the trial court is not required to provide a verbatim rendition of requested instructions which appropriately

state the law—substantial compliance is sufficient. *See Mut. Benefit Life Ins. Co. v. City of Winston-Salem,* 100 N.C. App. 300, 305, 395 S.E.2d 705, 708, *disc. review denied,* 327 N.C. 637, 399 S.E.2d 328 (1990); *Dinkins v. Booe,* 252 N.C. 731, 737, 114 S.E.2d 672, 676 (1960). In other words, " '[t]he [trial] court is not required to charge the jury in the precise language of [a] request [stating the correct legal standard] so long as the substance of the request is included in language which does not weaken its force.' " *Mut. Benefit,* 100 N.C. App. at 305, 395 S.E.2d at 708 (*quoting King v. Higgins,* 272 N.C. 267, 270, 158 S.E.2d 67, 69 (1967) (per curiam)).

[4]   In the present case, the instruction proposed by State Farm informed the jury of the withdrawal of the punitive damages issue and emphasized that the jury must not consider evidence already presented at trial on the issue of punitive damages. We believe, after careful review, that the jury instruction given by the trial court regarding the withdrawal of the punitive damages issue sufficiently conveyed the substance of State Farm's concerns. Thus, under *Mutual Benefit* and *Dinkins,* we conclude the instruction provided by the trial court was proper.

State Farm also contends it was prejudiced by the timing of the above referenced curative instruction, which was given prior to closing arguments. Although State Farm asserts this objection for the first time on appeal, we have carefully reviewed the record and conclude State Farm did not suffer any prejudice due to the timing of the curative instruction.

Further, State Farm asserts the trial court's failure to submit its proposed damages issue to the jury prejudiced the ultimate verdict. The pattern jury instruction on personal injury damages reads, "What amount is the plaintiff entitled to recover <u>for personal injury</u>?" N.C.P.I., Civ. 810.10 (emphasis added). State Farm proposed an issue which read, "What amount is the plaintiff entitled to recover <u>for actual damages</u>?" (emphasis added). The trial court refused to present State Farm's proposed issue to the jury. The record reflects the trial court charged the jury on "actual damages" using language virtually identical to that of the pattern jury instructions. *See* N.C.P.I., Civ. 810.10 - 810.15. Accordingly, we find no merit in the contention State Farm was prejudiced by the trial court's refusal to present its proposed issue.

ROBERTS v. YOUNG

[120 N.C. App. 720 (1995)]

D.

**[5]** State Farm contends, in its seventh assignment of error, that the trial court erred by denying State Farm the right to make the final closing argument to the jury.

It is undisputed neither Young nor State Farm presented evidence at trial. Further, State Farm correctly asserts "[i]n all civil cases, if no evidence is introduced by the defendant, the right to open and close the argument to the jury belongs to him." *See* General Rules of Practice for the Superior and District Courts, Rule 10 (Michie 1995); *Trust Co. v. Braznell*, 227 N.C. 211, 215, 41 S.E.2d 744, 747 (1947).

At trial, the trial court ruled on the order of jury summations stating, "[defendants are] entitled to the opening and closing, so [plaintiff will] have the middle." When State Farm continued to argue for the right to close, the trial court responded "I'm giving you the first and last [argument], and forcing [plaintiff] to take the middle [argument]." The record does not disclose anything in the trial court's order which prevented State Farm from closing or State Farm and Young from splitting the time allotted for closing argument. Rather, State Farm and Young decided the order of argument—State Farm opened and Young closed—without direction from the trial court. Further, we believe State Farm suffered no prejudice in having to open as Young, a party with the similar interest of minimizing the jury award, was afforded the opportunity to rebut Roberts' summation.

Accordingly, we find no merit in State Farm's contention the trial court erred by failing to provide State Farm with the final argument to the jury.

E.

**[6]** State Farm next alleges, in assignment of error eight, that the trial court erred in admitting defendant's Answers to Requests for Admissions and allowing plaintiff's counsel to argue the same to the jury.

It is beyond question that "[a]ny matter admitted [in a request for admission] is conclusively established unless the court on motion permits withdrawal or amendment of the admission." N.C. Gen. Stat. § 1A-1, N.C.R. Civ. P. 36(b) (1990).

In the present action, defendants denied Young's negligence was the proximate cause of Roberts' injuries in response to written requests for admissions (Admissions) submitted by Roberts.

Immediately prior to the start of trial, State Farm and Young stipulated, and the trial court accepted, that Young's negligence was the proximate cause of Roberts' injuries.

During opening arguments Young's counsel implied, in direct contravention of their initial denial, that defendants have always admitted liability and were, even now, concerned with being fair to Roberts. Prior to closing arguments Roberts requested that defendant's initial denial be admitted into evidence to rebut the assertion in opening statements that defendants have always admitted liability. The trial court entered the Admissions into evidence. We conclude, after careful review of the record, that the trial court did not abuse its discretion by allowing the Admissions into evidence. *See* 1 G. Gray Wilson, North Carolina Civil Procedure § 36-5 (1989); *Williams v. Howard Johnson's Inc. of Washington*, 323 F.2d 102, 105 n. 9 (4th Cir. 1963) (holding admissions under Fed. R. Civ. P. 36, which is identical to N.C.R. Civ. P. 36, "stand in the same relation to the case as sworn testimony."). Accordingly, we dismiss State Farms' contention the trial court erred by entering the Admissions in evidence.

State Farm also contends allowing Roberts to reference the Admissions during his closing argument was prejudicial and a new trial is merited. As a general rule, "counsel may argue all the evidence [admitted at trial] to the jury, with such inferences as may be drawn therefrom . . . ." *Crutcher v. Noel*, 284 N.C. 568, 572, 201 S.E.2d 855, 857 (1974). Further, a new trial is inappropriate where:

> the record discloses that the remarks of [plaintiff's counsel] were apparently invited by remarks of the attorney for defendant in addressing the jury. As to such matter, the control of arguments of [plaintiff's counsel] and of [defendant's] counsel to the jury must be left largely to the discretion of the trial court.

*State v. Seipel*, 252 N.C. 335, 335, 113 S.E.2d 432, 433 (1960) (per curiam). We have already concluded the trial court did not abuse its discretion by allowing the Admissions into evidence and, therefore, under *Crutcher* and *Seipel*, dismiss State Farm's contention the trial court erred by allowing Roberts to reference defendants' initial denial of liability during closing argument.

F.

[7] State Farm next claims, in assignment of error nine, the trial court erred by failing to grant a new trial where the inclusion of evi-

dence relating to punitive damages during Roberts' case-in-chief resulted in jury confusion and inflation of the damages award.

At trial Roberts presented evidence showing he suffered from a myriad of physical injuries—including a broken leg, lacerations on his chin and leg, and pain in his sciatic nerve. The parties stipulated, at oral argument, that Roberts' present and future medical expenses total approximately $30,000. Roberts also presented expert testimony concerning the nature and severity of his "closed head injury." Further, Roberts' family and teachers were called to cite specific manifestations of his alleged "closed head injury." During closing argument, Roberts requested $750,000 in damages for his injuries, the attendant pain and suffering, and any future complications for his life expectancy of 50.65 years.

The trial court charged the jury that "the total of all compensatory damages are to be awarded in one lump sum. Such damages may include medical expenses, loss of earning capacity, pain and suffering (physical and mental), scars or disfigurement, loss of use of a part of the body, and permanent injury." Permanent injury includes Roberts' "future pain, suffering and diminished ability to work caused by the accident" for his entire life expectancy. The jury returned a verdict awarding $450,000 in damages.

We believe the trial court's instructions properly charged the jury as to the evidence it could consider regarding the possible measures of damages. Further, we note, where there is sufficient evidence to support a verdict, this Court "must assume that the jury followed the court's instruction and based its verdicts on [the] evidence which supports the [compensatory award]." *State v. McCarroll*, 336 N.C. 559, 567, 445 S.E.2d 18, 22 (1994). After careful review of the record, including the evidence of permanent injury, we cannot say the jury's award of $450,000 was, as a matter of law, excessive in the present case. Accordingly, we do not believe the trial court abused its discretion in denying State Farm's motion for a new trial.

G.

[8] Finally, State Farm contends, in assignment of error ten[1], that the trial court erred by denying State Farm's motion to toll prejudgment interest under the facts of the present case.

---

1. Although State Farm's brief denotes this as assignment of error number nine, we note, in the present record, the listing of the assignments of error submitted by State Farm denominates this issue as assignment of error number ten.

Prejudgment interest is governed by N.C. Gen. Stat. § 24-5, which provides in pertinent part:

In an action other than contract, the portion of money judgment designated by the fact finder as compensatory damages bears interest from the date the action is instituted until the judgment is satisfied. Interest on an award in an action other than contract shall be at the legal rate.

N.C. Gen. Stat. § 24-5 (1991). Again we note this Court is bound by the plain meaning of a statute where its language is clear and unambiguous. *See Hyler*, 333 N.C. at 262, 425 S.E.2d at 701. Further, this Court must remain consistent with any previous interpretations of a statute. *See Lowery v. Haithcock*, 239 N.C. 67, 73, 79 S.E.2d 204, 208-209 (1953) (holding a statute must be applied as previously construed even though it appears the former decisions may have liberalized the statute beyond the original intent); See also *Matter of Appeal from Civil Penalty*, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (holding one panel of this Court is bound by the decision of another panel).

This Court has interpreted the plain language of N.C. Gen. Stat. § 24-5 to allow prejudgment interest to accrue "from the time the action is instituted." *Harris v. Scotland Neck Rescue Squad*, 75 N.C. App. 444, 452, 331 S.E.2d 695, 701, *disc. review denied and stay denied*, 314 N.C. 329, 333 S.E.2d 486-487 (1985). N.C.R. Civ. P. 3 provides, "[a] civil action is commenced by filing a complaint with the court." N.C. Gen. Stat. § 1A-1, Rule 3 (1990).

In *Harris* plaintiff filed his complaint on 4 June 1982. Appellants contended the trial court erred in allowing prejudgment interest for the period prior to the time they were served with a valid complaint. This Court held the action was instituted on 4 June 1982 and prejudgment interest accrued from that date. *Harris*, 75 N.C. App. at 452, 331 S.E.2d at 701.

Likewise, Roberts commenced this civil action when he filed his complaint on 28 October 1991. Thus, under the plain language of N.C. Gen. Stat. § 24-5 and this Court's decision in *Harris*, we conclude State Farm is responsible for interest dating from 28 October 1991.

We believe our interpretation of N.C. Gen. Stat. § 24-5 is consistent with our Supreme Court's admonition that,

[r]equiring the [underinsured motorist (UIM)] carrier to pay prejudgment interest up to its policy limits is not a harsh result since

the UIM carrier has had the opportunity to invest the money during the pendency of the suit. In addition, it is within the UIM carrier's power to stop the accrual of prejudgment interest by offering (or posting) its policy limit.

*Baxley v. Nationwide Mut. Ins. Co.*, 334 N.C. 1, 9, 430 S.E.2d 895, 900 (1993).

Accordingly, we conclude the trial court properly denied State Farm's Motion to Toll Pre-Judgment Interest.

No error.

Judges LEWIS and WALKER concur.